UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WEST, *an individual*,<br><br>    Plaintiff,<br><br>    v.<br><br>FCA US LCC, *a Delaware Limited Liability Company*,<br><br>    Defendant. | Case No.  1:24-cv-00293-JLT-CDB<br><br>ORDER TO DAVID N. BARRY TO SHOW CAUSE WHY THE COURT SHOULD NOT IMPOSE SANCTIONS FOR FAILING TO COMPLY WITH THE ORDERS OF THIS COURT<br><br>(Docs. 5, 7) |

Pending is Plaintiff's Motion to Remand.  (Doc. 6.)  On April 29, 2024, the Court noted that Mr. Barry failed to comply with the Court's Standing Order, which required that he meet and confer with his opposing counsel before filing the motion and to document these efforts to the Court. (Doc. 5 at 2) The Court ordered Plaintiff's counsel to "file a declaration outlining any meet and confer efforts" or "withdraw or amend the motion as appropriate." (Doc. 7) Plaintiff's counsel has failed to file *any* response.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110; *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Patel v. City of L.A.*, 791 F. App'x 688, 688 (9th Cir. 2020).

1

Parties must comply with a district court's standing order. *Ingram v. ACandS, Inc.*, 977 F.2d 1332, 1341–42 (9th Cir. 1992); *Salinas v. Cornwell Quality Tools Co.*, 635 F. Supp. 3d 979, 983 n.2 (C.D. Cal. 2022) ("The parties are advised that the court expects them to comply with all statutory requirements, court orders, and court rules, and that failure to comply in the future may result in denial or striking of filings and documents."). This includes compliance with the undersigned's meet and confer requirement. *See Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, 258 F. Supp. 3d 1114, 1132 (E.D. Cal. 2017); *Pac. Receivables, LLC v. T-3 Green House Supply, LLC*, No. 2:23-cv-01081-KHM-DMC, 2023 WL 4534146, at *1 (E.D. Cal. July 13, 2023) (denying without prejudice defendants' motion to dismiss for failing to comply with Court's meet and confer requirement in standing order); *Mollica v. Cnty. of Sacramento*, No. 2:19-cv-02017-KJM-DB, 2022 WL 15053335, at *2 (E.D. Cal. Oct. 26, 2022) (striking motion for summary judgment for failure to comply with meet and confer requirement in court's standing order). "Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion." *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (citation omitted). Thus, the Court **ORDERS**:

1. **No later than May 15, 2024**, David N. Barry **SHALL** show cause in writing why sanctions should not be imposed for his failure to comply with the Court's orders.

2. Failure to file a response to this order, will result in the imposition of sanctions, including monetary and/or terminating sanctions.

IT IS SO ORDERED.

Dated:  **May 8, 2024**                                      /s/ Jennifer L. Thurston
                                                              UNITED STATES DISTRICT JUDGE